UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRENT GENDRON,

        Petitioner,        CASE NO. 05-74787

v.        HONORABLE AVERN COHN

BLAINE LAFLER,

        Respondent.
_____/

## MEMORANDUM AND ORDER DISMISSING WITHOUT PREJUDICE PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Trent Gendron (Petitioner), a state prisoner currently confined at the St. Louis Correctional Facility in St. Louis, Michigan, has paid the filing fee for this action. Petitioner was convicted of second-degree murder and possession of a firearm during the commission of a felony following a bench trial in the Wayne County Circuit Court in 2003 and was sentenced to 14 to 25 years imprisonment and a consecutive term of two years imprisonment on those convictions.

In his pleadings, Petitioner raises claims concerning the sufficiency of the evidence, the admission of alleged hearsay evidence, the admission of other acts evidence, and the propriety of his sentence. For the reasons that follow, the Court DISMISSES WITHOUT PREJUDICE Petitioner's petition for writ of habeas corpus and DENIES his application to proceed in forma pauperis as moot.

## II. Procedural History

Following his convictions and sentencing, Petitioner filed an appeal as of right challenging the sufficiency of the evidence, the admission of alleged hearsay evidence, the admission of other acts evidence, and the scoring of the state sentencing guidelines. The Michigan Court of Appeals affirmed his convictions and sentence. People v. Gendron, No. 251509, 2005 WL 473946 (Mich. App. March 1, 2005) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the sufficiency of the evidence, the hearsay evidence, and other acts evidence claims, but not the sentencing claim. The Michigan Supreme Court denied leave to appeal. People v. Gendron, 474 Mich. 873 (2005).

Petitioner dated the instant petition for writ of habeas corpus and application to proceed in forma pauperis December 12, 2005. The papers were filed on December 16, 2005.

## III. Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. See Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. Rust v. Zent, 17 F.3d

155, 160 (6th Cir. 1994).

Petitioner has not met his burden of showing that he exhausted his state court remedies. Petitioner admits that he did not raise in the state courts his claim that his sentencing violates the principles set forth in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). Additionally, the record shows that Petitioner did not present any sentencing issues to the Michigan Supreme Court on direct appeal of his convictions. Accordingly, Petitioner has failed to fully exhaust his state court remedies as to his fourth habeas issue challenging the propriety of his sentence.

Petitioner has available avenues for relief in the state court system. For example, Petitioner may file a motion for relief from judgment with the state trial court under Michigan Court Rule 6.500 et seq. raising the unexhausted claim and then pursue that claim in the state appellate courts. Additionally, the one-year statute of limitations applicable to federal habeas actions, see 28 U.S.C. § 2244(d), does not pose a problem for Petitioner so long as he promptly pursues his state court remedies. The one-year limitations period did not begin to run until 90 days after the conclusion of his direct appeals, see Bronaugh v. Ohio, 235 F.3d 280, 285 (6th Cir. 2000), on or about September 27, 2005, and will be tolled during the time in which any properly filed state post-conviction or collateral actions are pending. See 28 U.S.C. § 2244(d)(2); see also Carey v. Saffold, 536 U.S. 214, 220 (2002). Finally, Petitioner has not shown good cause for failing to raise the unexhausted issue in the state courts before proceeding in this court. The claim therefore should first be addressed to, and considered by, the state courts.

## IV. Conclusion

For the reasons stated, the Court concludes that Petitioner has not exhausted his state court remedies.  Accordingly, the Court DISMISSES WITHOUT PREJUDICE the petition for writ of habeas corpus.  The Court makes no determination as to the merits of Petitioner's claims.  Should Petitioner wish to proceed only on his exhausted claims and withdraw his unexhausted claim (i.e., his claim challenging the propriety of his sentence), he may file a motion to re-open this case and proceed only on the exhausted claims within thirty (30) days of the date of this order.  The Court also DENIES as moot Petitioner's application to proceed in forma pauperis because he has paid the $5.00 filing fee for this action.

SO ORDERED.


Dated:  January 9, 2006         s/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 9, 2006, by electronic and/or ordinary mail.

                                s/Julie Owens
                                Case Manager
                                (313) 234-5160