UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRENT GENDRON,

        Petitioner,

v.

        CASE NO. 05-CV-74787-DT
        HONORABLE AVERN COHN

BLAINE LAFLER,

        Respondent.
_____/

## ORDER DENYING MOTION FOR A CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 28 U.S.C. § 2254. Trent Gendron ("Petitioner"), a state prisoner currently confined at the Carson City Correctional Facility[1] in Carson City, Michigan, claimed that he is being held in violation of his constitutional rights. Petitioner was convicted of second-degree murder and possession of a firearm during the commission of a felony. The Court denied the petition on the merits. See Memorandum and Order Denying Petition for Writ of Habeas Corpus, filed July 10, 2007.

Before the Court is Petitioner's motion for a certificate of appealability.

II.

Before Petitioner can appeal the Court's decision, a certificate of appealability

---

[1] At the time he filed this action, Petitioner was confined at the St. Louis Correctional Facility in St. Louis, Michigan where Respondent is the warden.

1

(COA) must issue.  See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  120 S. Ct. at 1604.  The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims."  Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'"  A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail."  Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA.  See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam).  Moreover, where, as here, a petitioner files a notice of appeal, the Court must issue a order granting or denying a COA.  Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

]  Petitioner raised claims concerning the sufficiency of the evidence, the admission of alleged hearsay evidence, and the admission of other acts evidence.  The Court considered all of them on the merits and explained that Petitioner failed to show any of

his claims entitled him to habeas relief. Petitioner's motion simply presents the same arguments considered and rejected in denying habeas relief. For all the reasons stated in the July 11, 2007 decision, reasonable jurists would not debate these conclusions. Accordingly, Petitioner's motion for a COA is DENIED.

SO ORDERED.

Dated: July 26, 2007           s/Avern Cohn
**AVERN COHN**
**UNITED STATES DISTRICT JUDGE**

### CERTIFICATE OF SERVICE

**I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Trent Gendron, 471387, Carson City Correctional Facility, P. O. Box 5000, Carson City, MI 48811-5000 on this date, July 26, 2007, by electronic and/or ordinary mail.**

         s/Julie Owens
**Case Manager, (313) 234-5160**